UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY BROWN,

      Plaintiff,                                     Hon. Hala Y. Jarbou

v.                                                Case No. 1:23-cv-920

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security, denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of Social Security appeals, the undersigned recommends that the Commissioner's decision be vacated and this matter remanded for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 48 years of age on her alleged disability onset date.  (PageID.40). Plaintiff successfully completed high school and worked previously as an Emergency Medical Technician (EMT).  (PageID.39-40).  Plaintiff applied for benefits on March 26, 2021, alleging that she had been disabled November 2, 2019, due to a left shoulder injury.  (PageID.27, 195).

Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ).  Following an administrative hearing, ALJ Manh Nguyen, in an opinion dated June 1, 2022, determined that Plaintiff did not qualify for disability benefits.  (PageID.27-69).  The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter.  Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability.  *See* 20 C.F.R. ¶¶ 404.1520(a-f), 416.920(a-f).  If the Commissioner can make a dispositive finding at any point in the review, no further finding is required.  *See* 20 C.F.R. ¶¶ 404.1520(a), 416.920(a).  The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity.  *See* 20 C.F.R. ¶¶ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate she is entitled to disability benefits and she satisfies her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. ¶ 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from cervical radiculitis, degenerative joint disease of the left shoulder status post tear and surgery, migraines, insomnia, obesity, and major depressive disorder, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.30-33).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform light work[1] subject to the following

---

[1] Light work involves lifting "no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567. Furthermore, work is considered "light" when it involves "a good deal of walking or standing," defined as "approximately 6 hours of an 8-hour workday." 20 C.F.R. § 404.1567; Titles II and XVI: Determining Capability to do Other Work - the Medical-Vocational Rules of Appendix 2, SSR 83-10, 1983 WL 31251 at *6 (S.S.A.,

limitations: (1) she can occasionally climb stairs and ramps, but can never climb ladders, ropes, or scaffolds; (2) she can occasionally kneel and frequently stoop, crouch, and balance; (3) she can occasionally reach with her non-dominant left arm; (4) she can have no exposure to concentrated occupational vibration; (5) she cannot drive commercially or operate moving machinery; (6) she can never work around hazards such as unprotected heights or unguarded, uncovered moving machinery; (7) she can remember and carry out simple instructions; and (8) she can never perform work at a production rate pace such as assembly line work.   (PageID.33-34).

The ALJ found that Plaintiff could not perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, his limitations notwithstanding.  *O'Neal*, 799 Fed. Appx. at 316.   In satisfying this burden, the ALJ may rely on a vocational expert's testimony.  *Ibid*.   In this case, a vocational expert testified that there existed approximately 96,000 jobs in the national economy which an individual with Plaintiff's RFC could perform.   (PageID.64-67).   This represents a significant number of jobs.   *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within

---

1983); *Van Winkle v. Commissioner of Social Security*, 29 Fed. Appx. 353, 357 (6th Cir., Feb. 6, 2002).

what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I. Residual Functional Capacity

A claimant's RFC represents the "most [a claimant] can still do despite [her] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). Plaintiff argues that she is entitled to relief because the ALJ's RFC assessment is not supported by substantial evidence. Specifically, Plaintiff argues that "[t]he ALJ's RFC findings related to the use of [her] left upper extremity limitations are not supported by substantial evidence." The undersigned agrees.

Plaintiff first injured her left shoulder in 2001, following which she underwent "arthroscopic repair of the anterior inferior labrum." (PageID.295). On November 2, 2019, Plaintiff again injured her left shoulder while "involved in the care of a combative patient." (PageID.53). Conservative treatment, including physical therapy, was ultimately deemed a failure. (PageID.256-304).

On July 1, 2020, Plaintiff underwent surgery to repair her left shoulder. Specifically, the surgeon, Dr. John Reineck, performed the following procedures: (1) arthroscopic rotator cuff repair; (2) arthroscopic biceps tenodesis; (3) arthroscopic

distal clavicle excision; (4) arthroscopic subacromial decompression; (5) arthroscopic extensive glenohumeral joint debridement; and (6) arthroscopic excision of calcific tendinitis.  (PageID.455-60).

Examinations conducted shortly after Plaintiff's surgery revealed that she was "neurovascularly intact" and generally doing well.  (PageID.321-34). Subsequent examinations, however, revealed that Plaintiff's shoulder surgery was less than successful.  Treatment notes dated January 20, 2021, indicate that results of Neer's test were positive.[2]  (PageID.987).  Dr. Reineck reported that Plaintiff could return to work subject to the following limitations: (1) she cannot lift more than 10 pounds with her left upper extremity; (2) she cannot use her left upper extremity "at/above shoulder level"; and (3) she cannot perform gripping or twisting actions which require more than 10 pounds of torque.  (PageID.314).

Treatment notes dated February 2, 2021, indicate that Plaintiff was continuing to experience "ongoing left shoulder pain which is severe and activity limiting."  (PageID.1077).  Treatment notes dated March 3, 2021, indicate that injection therapy "did not help [Plaintiff] at all" as "[s]he is continuing to have pain." (PageID.1129).  On March 5, 2021, Plaintiff participated in an MRI examination of her left shoulder the results of which revealed evidence of "moderate to high-grade partial-thickness intra-articular biceps tearing," "degenerative changes of the AC

---

[2] Neer's test "assesses if your shoulder pain and limited range of motion may be caused by impingement (pinching of tissue)."  Neer's Test for Rotator Cuff Impingement, available at https://www.verywellhealth.com/neers-test-to-see-if-you-have-rotator-cuff-impingement-2696436 (last visited July 18, 2024).

joint," and "thickening of the inferior joint capsule" consistent with capsulitis. (PageID.1136).

On March 26, 2021, Dr. Reineck reiterated that Plaintiff could return to work subject to the following limitations: (1) she cannot lift more than 10 pounds with her left upper extremity; (2) she cannot use her left upper extremity "at/above shoulder level"; and (3) she cannot perform gripping or twisting actions which require more than 10 pounds of torque. (PageID.415). Physical therapy treatment notes indicate that Plaintiff continued to experience pain and limitation in her left shoulder. (PageID.1151-76).

Treatment notes dated May 13, 2021, indicate that Plaintiff was experiencing pain and weakness in her left shoulder as well as an inability to reach above shoulder level. (PageID.1278). On May 18, 2021, Dr. Marshall Wickens reported that Plaintiff was continuing to experience pain in her left shoulder "but she also appears to have a component of cervical radiculopathy as well." (PageID.1184). The doctor concluded that Plaintiff could not lift more than 10 pounds and was limited to "right handed work only." (PageID.1277). On August 24, 2021, Dre. Wickens reiterated these restrictions for Plaintiff. (PageID.1368).

Treatment notes dated August 26, 2021, indicate that Plaintiff was experiencing "moderately severe degenerative arthropathy of the glenohumeral joint" of her left shoulder. (PageID.1378). Treatment notes dated September 27, 2021, indicate that "at least a significant portion of [Plaintiff's] pain was coming from her left AC joint." (PageID.1390). Dr. Wickens reiterated that Plaintiff was

limited to "right hand work only." (PageID.1381). Treatment notes dated December 1, 2021, indicate that Plaintiff was experiencing "chronic" left shoulder pain. (PageID.1389).

Plaintiff testified that she could not lift more than 10 pounds with her left arm and could not use it above shoulder level. (PageID.58-59). This is consistent with Plaintiff's reported activities. (PageID.213-20, 238-53).

In support of his RFC assessment, the ALJ relied upon and found persuasive the opinion offered by Dr. Ashok Sachdev. (PageID.37, 72-79). As Plaintiff correctly observes, however, Dr. Sachdev never examined Plaintiff and, more significantly, reviewed only a small fraction of the medical evidence. As for the opinions of the physicians, including Plaintiff's surgeon, who consistently imposed on Plaintiff limitations more restrictive than the ALJ's RFC assessment, the ALJ discounted such on the ground such were inconsistent with the medical evidence.

The ALJ fails, however, to articulate any rationale for discounting these opinions but instead simply states in conclusory fashion that such are inconsistent with the medical evidence. Vague conclusions as to why a treating source's opinion was discounted are insufficient. *See, e.g., Friend v. Commissioner of Social Security*, 375 Fed. Appx. 543, 552 (6th Cir., Apr. 28, 2010) ("it is not enough to dismiss a treating physician's opinion as 'incompatible' with other evidence of record; there must be some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion that gets the short end of the stick").

-9-

Moreover, while the ALJ is has an obligation to assess and weigh the medical record, the ALJ "may not play doctor by making medical judgments. . .[and he] crosses a line if [he] substitutes [his] knowledge for that of a physician or medical expert and interprets raw medical data." *Herbert v. Commissioner of Social Security*, 2023 WL 6155984 at *3 (N.D. Ohio, Sept. 21, 2023) (citations omitted). This appears to be what the ALJ did here. The Court further notes that had the ALJ found Plaintiff limited to sedentary work, which does not seem unreasonable, Plaintiff would likely have been deemed disabled pursuant to the Medical-Vocational Guidelines (a.k.a. the Grids). (PageID.40-41; 20 C.F.R., Part 404, Subpart P, Appendix 2, §§ 201.14, 202.14).

In sum, while Plaintiff's impairments may not impose work-preclusive limitations, the ALJ's conclusion that Plaintiff can lift 20 pounds above shoulder level, even occasionally, with her left upper extremity is not supported by substantial evidence. Accordingly, the undersigned finds that the ALJ's RFC assessment is not supported by substantial evidence. Because the vocational expert's testimony was premised upon a faulty RFC determination, the ALJ's reliance thereon does not constitute substantial evidence. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996) (while the ALJ may rely upon responses to hypothetical questions posed to a vocational expert, such questions must accurately portray the claimant's impairments).

## II.     Remand is Appropriate

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv=s*, 17 F.3d 171, 176 (6th Cir. 1994); *see also, Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644. Evaluation of Plaintiff's claim requires the resolution of factual disputes which this Court is neither competent nor authorized to undertake in the first instance. Moreover, there does not exist compelling evidence that Plaintiff is disabled. Accordingly, this matter must be remanded for further administrative action.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be vacated and this matter remanded for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                      Respectfully submitted,

Date: July 22, 2024                              /s/ Phillip J. Green
                                                        PHILLIP J. GREEN
                                                        United States Magistrate Judge